NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 26 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GERARDO REYES-CISNEROS,<br><br>Petitioner,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 24-5526<br><br>Agency No.<br>A205-763-475<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 19, 2025[**]
Pasadena, California

Before: HIGGINSON, BENNETT, and SUNG, Circuit Judges.[***]

Petitioner Gerardo Reyes-Cisneros, a native and citizen of Mexico, seeks

review of an order by the Board of Immigration Appeals ("BIA") affirming the

decision of the Immigration Judge ("IJ") denying his application for deferral of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Stephen A. Higginson, United States Circuit Judge for the U.S. Court of Appeals for the Fifth Circuit, sitting by designation.

removal under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review issues of law regarding CAT claims de novo and underlying factual findings for substantial evidence. *Velasquez-Samayoa v. Garland*, 49 F.4th 1149, 1154 (9th Cir. 2022). We deny the petition.

1.      Petitioner argues that the BIA should have remanded for the IJ to identify which parts of Dr. Alfonso Gonzales's expert testimony were affected by bias and for the IJ to reevaluate the testimony without relying on extra-record evidence underlying the finding of bias. Because the BIA did not rely on the IJ's bias finding, the BIA did not err in declining to remand on this basis. Rather, the BIA affirmed the IJ's alternate finding that one of Dr. Gonzales's specific opinions—that widespread corruption within Mexican law enforcement means "it is reasonable to presume that Mr. Reyes-Cisneros' return to Mexico will alert Mexican authorities which will likely lead to his being possibly being turned over to the cartels or . . . corrupt officers"—was "predictive," "sweeping," and not "significant[ly] probative."

2.      Petitioner also argues that the agency[1] erred in rejecting Dr. Gonzales's testimony based on a misrepresentation of the record and without sufficient explanation. It is error for the BIA to fail to consider all the evidence before it— whether by "misstating the record" or rejecting "highly probative or potentially

---

[1] For simplicity, we refer to the BIA and the IJ collectively as "the agency."

dispositive" expert testimony without stating "why the testimony was insufficient to establish the probability of torture." *Castillo v. Barr*, 980 F.3d 1278, 1283 (9th Cir. 2020) (quoting *Cole v. Holder*, 659 F.3d 762, 772 (9th Cir. 2011)).

But contrary to Petitioner's assertion, the BIA did not misrepresent Dr. Gonzales's opinion in focusing on his use of "possibly." And the agency adequately explained why Dr. Gonzales's testimony did not show that Petitioner would more likely than not be tortured. *See Medina-Rodriguez v. Barr*, 979 F.3d 738, 750–51 (9th Cir. 2020) (holding when a CAT claim "relies on a series of events, all of which must happen for torture to occur," the evidence must show each "step in this hypothetical chain of events is more likely than not to happen" (quoting *In re J-F-F-*, 23 I. & N. Dec. 912, 917–18 (A.G. 2006))).

The agency also did not improperly reject Dr. Gonzales's testimony about Petitioner's inability to avoid harm by relocating within Mexico or Petitioner's likelihood of torture by Mexican government officials. Petitioner cites statements in Dr. Gonzales's declaration that the "reach of regional criminal organizations, including the [Sinaloa Cartel,] spans throughout the entire country," and that Petitioner as a criminal deportee "will likely be targeted by Mexican officials." Even if this general testimony were probative, the agency explained why the record failed to establish Petitioner's particularized threat of torture in other areas of Mexico or at the hands of law enforcement officials. *See Garland v. Dai*, 593 U.S. 357, 373

3                                                      24-5526

(2021) ("[E]ven credible testimony may be outweighed by other more persuasive evidence or be insufficient to satisfy the burden of proof.").

**PETITION DENIED.**[2]

---

[2] The temporary stay of removal remains in place until the mandate issues. The motion to stay removal, Dkt. No. 3, is otherwise denied.

24-5526